IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | | |
|---|---|---|---|
| IN RE : | ) | | |
| ALI MOGHADDAM, | ) | Case No: | 19-81489-CRJ-13 |
| | ) | | |
| Debtor, | ) | | |

_____

| | | |
|---|---|---|
| WESTERN UNION FINANCIAL | ) | |
| SERVICES, INC., | ) | Adversary No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALI SAID MOGHADDAM, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Western Union Financial Services, Inc. (hereinafter "WU" or "Plaintiff") by and through its counsel alleges, as follows:

1.      WU is a Colorado Corporation, which, at all times relevant herein, was licensed to do business in the State of Alabama.

2.      This adversary proceeding is being brought in connection with Defendant's case number 19-81489, now pending in this court.  This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 523 and 727.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

3.      The Defendant ALI MOGHADDAM , (hereinafter "AM") was, at the relevant times herein, a citizen and resident of Alabama and was the sole owner, proprietor, manager, supervisor compliance officer, and controlling party of Fuel City located at 619 Oakwood Avenue, NW, Huntsville, Alabama (hereinafter "the Company").

4.      On or about August 22, 2014, the Defendant AM personally entered into a "Western Union North America Agency Agreement" through which he became an authorized agent of the Plaintiff for the sale of Western Union money transfer and money order services to the general public.  Annexed hereto as Exhibit A is a copy of the agent agreement (hereinafter "the Agreement").

5.      At that same time and place, Defendant AM executed a personal guaranty (hereinafter "the Guaranty Agreement") of the duties and obligations of the Company to the Plaintiff.  Annexed hereto as Exhibit "B" is a copy of the Guaranty Agreement.

6.      According to the terms and conditions of the Agreement, the Defendant AM was authorized to accept and hold in trust, on Plaintiff's behalf, cash payments from consumers seeking to use Plaintiff's money transfer and money order services, which payments were processed on computerized equipment within the Defendant's business location.

7.      Paragraph "3B.1" of the Agreement reads as follows:

**As of the Effective Date. WUNA appoints Agent as its delegate and trustee for the limited purpose of offering the Money Orders for sale to the public, collecting the face value of any and all Money Orders sold by Agent, plus all MO fees and all monthly rental charges (collectively, the "MO Trust Funds") and imprinting Money Orders in accordance with the provisions of this Agreement.  Agent shall act in a fiduciary capacity and hold the Money Orders and MO Trust Funds  Checks in trust for the benefit of WUNA and shall maintain and account for the MO Trust Funds separate and apart from all other funds and monies of Agent. Agent agrees that in the event Agent commingles MO Trust Funds with any other funds, such funds shall be impressed with a trust to the extent of the MO Trust Funds....**

8.       Further, Defendant AM was required to deposit all of the aforesaid monies received into a designated bank account from which the Plaintiff was authorized to debit all funds collected and deposited by the Defendant and/or the Company.

9.      Plaintiff was/is bound to honor all money orders issued by its Agent, Defendant AM, notwithstanding the improper actions of the Defendant AM.

10. Defendant AM, individually and through the Company, collected but failed to deposit and/or remit to Plaintiff the sum of $23,803.00 from the sale to consumers of Money Orders during the period of money transfer and money order transactions and fees during the period of approximately October 28, 2014 through approximately October 30, 2014.

**FIRST CAUSE OF ACTION - (Non-Dischargeability under 11 U.S.C. §523(a)(4)).**

11. Plaintiff re-alleges the allegations set forth in the preceding paragraphs above as if fully set forth herein.

12. At all times relevant herein, Defendant AM was the sole owner, supervisor, manager, compliance officer, personal guarantor and/or controlling party of the Company and therefore was personally aware of the fiduciary duties owed by the Company to Plaintiff.

13. Defendant AM intentionally and/or willfully and/or maliciously and/or recklessly breached his fiduciary duty to Plaintiff.

14. Defendant knew that while acting on behalf of Plaintiff, he would receive cash funds from consumers which cash was to be remitted completely and entirely to Plaintiff by depositing the same into a designated bank account.

15. Defendant as the sole owner, manager, supervisor, regulatory compliance officer, and personal guarantor knew that he was entrusted with a duty to collect and remit the sums lawfully obtained from consumers for Plaintiff's products or services.

16. Defendant AM, personally or through others, unlawfully and fraudulently misappropriated the trust funds due to be remitted to Plaintiff or allowed the same to be taken by others to the exclusion of WU.

17. As a direct and proximate result of the aforesaid breach of fiduciary duty, the Plaintiff has been damaged and demands judgment against the Defendant Sharma in the sum of $23,803.00,

plus interest from October 31, 2014, contractual attorney's fees (paragraph 9.1), contractual interest at the rate of prime plus 2% or the highest amount of interest permitted in the State of Alabama, whichever is greater, (paragraph 8.2f), costs, disbursements, and pursuant to 11 U.S.C. §523(a)(4) that the aforesaid debt be deemed non-dischargeable.

**SECOND CAUSE OF ACTION - (Non-Dischargeability under 11 U.S.C.§523(a)(6)).**

18      Plaintiff re-alleges the allegations set forth in the preceding paragraphs above as if fully set forth herein.

19.      At all times herein the Defendant AM was acting under the Agreements with Plaintiff.

20.      During said period, Defendant AM through the Company, was receiving, collecting, and processing money transfer and money order transactions on behalf of consumers through Plaintiff's electronic system.

21.      Defendant, AM individually and/or through others, while operating the Company, collected but failed to remit to Plaintiff trust proceeds totaling $23,803.00, which the Defendant AM, personally, on behalf of the Company, or others, used for their own benefit to the exclusion of Plaintiff.

22.      Defendant AM, at all times, knew that during the agent relationship the monies collected from the sale of Plaintiff's products and services were the sole and exclusive property of Plaintiff.

23.      Defendant AM, at all times, knew that during the agent relationship all funds lawfully collected from the sale of Plaintiff's products and services were to be remitted to WU.

24.      Notwithstanding, Defendant AM, individually and/or through others, did actually take, willfully, maliciously, intentionally, recklessly, and physically take, convert, and steal, for himself or others, including the Company, the sum of $23,803.00.

25. As a direct and proximate result of the aforesaid acts of conversion, the Plaintiff has been damaged and demands judgment against the Defendant in the sum of $23,803, plus interest from October 31, 2014, contractual attorney's fees (paragraph 9.1), contractual interest at the rate of prime plus 2% or the highest rate of interest permitted in the State of Alabama, whichever is greater, (paragraph 8.2f), costs, disbursements, and pursuant to 11 U.S.C. §523(a)(6) that the aforesaid debt be deemed non-dischargeable.

**THIRD CAUSE OF ACTION - (Non-Dischargeability under 11 U.S.C. §523(a)(2)(A)).**

26. Plaintiff re-alleges the allegations set forth in the preceding paragraphs above as if fully set forth herein.

27. The Defendant AM individually and/or through others, including the Company, obtained cash money from consumers purchasing Plaintiff's products and services.

28. At all times, on each occasion that the Company made a sale of Plaintiff's money orders, the Defendant AM, individually through the Company and pursuant to his personal guaranty, electronically represented to Plaintiff that payment was received, the specifics of each transaction, that the cash funds would be kept and segregated from other funds and that the same would be deposited into the designated bank account for withdrawal by Plaintiff alone.

29. On or about the time of each transaction, the Defendant AM, individually or though his employees, represented to WU that he had collected funds and would remit those funds to the Plaintiff for the purpose of the Plaintiff's business.

30. Plaintiff reasonably relied upon the representations of the Defendant and/or his employees, which reliance the Defendant expected.

31. Defendant, at all relevant times, knew or should have known by reasonable diligence, management and supervision of the Company, and as its Regulatory Compliance Officer and

Personal Guarantor, that the money order trust funds collected were not going to be remitted to WU.

32.     Alternatively, at all relevant times, Defendant knew that the funds collected were going to be used to the exclusion of WU.

33.     Defendant therefore obtained the Plaintiff's funds totaling $23,803.00, through false pretenses, false representations, and/or actual fraud to the detriment of WU.

34.     As a direct and proximate result of the aforesaid acts of actual fraud, false pretenses and/or false representations, the Plaintiff has been damaged and demands judgment against the Defendant in the sum of $23,803.00, plus interest from October 31, 2014, contractual attorney's fees (paragraph 9.1), contractual interest at the rate of prime plus 2% or the highest rate of interest permitted in the State of Alabama, whichever is greater, (paragraph 8.2f), costs, disbursements, and pursuant to 11 U.S.C. §523(a)(2)(A) that the aforesaid debt be deemed non-dischargeable..

**WHEREFORE,** the Plaintiff demands:

1.     That the debt of $23,803.00 be deemed non-dischargeable; and

2.     That the Court render judgment against the Defendant on all causes of action, for the amount of the debt plus contractual interest, costs, disbursements, and contractual attorney's fees; and/or,

3.     Such other and further relief as to the court may seem just and proper.

DATED: July 23, 2019

/s/ E.B. Harrison Willis
E.B. Harrison Willis

**OF COUNSEL:**
Cloud, Willis & Ellis, LLC
61 St. Joseph Street, Suite 1301
Mobile, AL 36602
(251) 545-4844
hwillis@cloudwillis.com

Counsel to Plaintiff

David J. Finkler, Esq. (DF9320)
LAW OFFICES OF DAVID J. FINKLER, P.C.
266 Harristown Road, Suite 203
Glen Rock, N.J. 07452
(201) 689-0001
Counsel for Plaintiff

TO:    Ali Moghaddan
        114 Callaway Drive
        Madison, Alabama 35758
        Debtor

        Joseph G. Pleva, Esq.
        3330 L & N Dr. SW, Suite C
        Huntsville, Alabama 35801
        Attorney for Debtor

        Michele T. Hatcher
        PO Box 2388
        Decatur, Alabama 35602
        Chapter 13 Trustee