UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In Re:

    **Ali Moghaddam**　　　　　　　　　　　　　Case No.:　19-81489—JAC13
　　　　　　　　　　　　　　　　　　　　　　　　　Chapter:　13
　　　　　　　　　　　　　　　　　　　　　　　　　Judge:　　Jessup

    　　　　Debtor.
_____

    **Western Union Financial Services, Inc.**

    　　　　Plaintiff

vs.　　　　　　　　　　　　　　　　　　　　　　　A.P. No:　19-80058-CRJ

    **Ali Said Moghaddam**

    　　　　Defendant
_____/

### DEFENDANT'S RESPONSE TO PLAINTIFFS COMPLAINT

    NOW COMES, Defendant, Ali Said Moghaddam, by and through his attorney, Joseph G. Pleva, and for his answer to Plaintiff's Complaint Objecting to Discharge, states as follows.

**Parties**

1. Defendant admits that Plaintiff is Western Union Financial Services Inc. (hereinafter "Western Union" or "Plaintiff" Defendant admits that Plaintiff is a creditor of Defendant, Ali Said Moghaddam

2. Defendant admits that Defendant is Ali Said Moghaddam. Defendant admits that he is of the full age of majority and resident of Madison County, Alabama.

**Jurisdiction**

3. Defendant admits that the Court has jurisdiction over this proceeding.

4. Defendant admits that this proceeding is a core proceeding.

5. Answering Paragraph 3 of the Complaint, Defendant admits he was, at the relevant times herein, a citizen and resident of the State of Alabama. Defendant admits that he was the sole owner, proprietor, manager, supervisor, compliance officer, and controlling party of the business located at 619 Oakwood Ave., Huntsville Alabama. However, Defendant wishes to clarify that the business was known as "Fuel King" rather than "Fuel City" as averred in Plaintiff's complaint.

6. Answering Paragraph 4 of the Complaint, Defendant admits that he personally entered into a "Western Union North America Agency Agreement" where he became an authorized agent of Plaintiff for the purpose of selling Western Union Money Transfer and Money Order services to the general public.

7. Answering Paragraph 5 of the complaint, Defendant admits that he executed a personal guaranty of the duties and obligations of the defendant toward the plaintiff.

8. Answering Paragraph 6 of the complaint, Defendant admits that he was authorized to accept and hold in trust, on Plaintiff's behalf, cash payments from consumers seeking to use Plaintiff's money transfer and money order services, which payments were processed on computerized equipment within Defendant's business location.

9. Answering Paragraph 8 of the complaint, Defendant admits, that according to the agreement, Defendant was required to deposit all of the aforesaid moneys into a designated bank account from which Plaintiff would be authorized to debit all funds collected and deposited by Defendant.

10. Answering Paragraph 9 of the complaint, Defendant admits that Plaintiff was bound to honor all money orders issues by its Agent notwithstanding any improper actions of Defendant.

11. Answering Paragraph 10 of the complaint, Defendant admits that he failed to deposit and or remit to Plaintiff some sums from the sale of Money Orders during the period of October 28, 2014 through October 30, 2014. However, Defendant further states that Plaintiff failed to abide by its responsibilities according to the terms of its agreement with Defendant by failing to honor a number of money orders purchased by Defendant's customers. Defendant has evidence that on at least 20 occasions, money orders purchased by Defendant's customers during the aforementioned period were returned due to a stop order on the part of Plaintiff. As a result, Defendant's customers lost faith in Defendant's business leading to the failure of same.

## Cause of Action 1

12. By way of defense, Defendant re-states responses in paragraphs 1-11 of his answer.

13. Answering Paragraph 12 of the Complaint, Defendant admits that he was the sole owner, supervisor, manager, compliance officer, personal guarantor and/or controlling party of the Company and therefore was personally aware of the fiduciary duties owed by the Company to Plaintiff.

14. Answering Paragraph 13 of the Complaint, Defendant denies that he intentionally and/or willfully breached his fiduciary duty to Plaintiff. However, in the alternative, Plaintiff argues that if he breached his fiduciary duties, it was due to Plaintiff's breaching of the agreement between the parties by failing to honor a number of the money orders purchased by Defendant's customers, causing Defendant significant damage to his business.

15. Answering Paragraph 14 of the Complaint, Defendant admits that while acting on behalf of Plaintiff, he would receive cash funds from consumers which cash was to be remitted completely and entirely to Plaintiff by depositing the same into a designated bank account.

16. Answering Paragraph 15 of the Complaint, Defendant as the sole owner, manager, supervisor, regulatory compliance officer, and personal guarantor knew that he was entrusted with a duty to collect and remit the sums lawfully obtained from consumers for Plaintiff's products or services.

17. Answering Paragraph 16 of the Complaint, Defendant admits that he failed to remit some funds that he held for Plaintiff, but in light of Plaintiff's actions in unilaterally cancelling the agency agreement with Defendant without properly advising Defendant of said cancellation, Defendant denies that his holding funds was unlawful or fraudulent.

18. Answering Paragraph 17 of the Complaint, Defendant denies that Plaintiff has been damaged, or in the alternative, if Plaintiff has been damaged, Defendant states that damage was solely as a result of Plaintiff's unilateral termination of the Agency Agreement between the parties.

## SECOND CAUSE OF ACTION

19. By way of defense, Defendant re-states responses in paragraphs 1-18 of his answer.

20. Answering Paragraph 19 of the Complaint, Defendant admits that he was acting under the agreements with Plaintiff.

21. Answering Paragraph 20 of the Complaint, Defendant admits that during the period between August 22, 2014 and October 28, 2014, Defendant was receiving, collecting, and processing money transfer and money order transactions on behalf of customers through Plaintiff's electronic system.

22. Answering Paragraph 21 of the Complaint Defendant admits that he failed to remit the trust funds totaling $23,803.00, but further states that during the period of October 28-30th Defendant sold approximately $40000 in money orders, some were returned by Defendant's customers with the explanation that they were returned non-sufficient, requiring Defendant to refund money to his customers.

23. Answering Paragraph 22 of the Complaint, Defendant admits that he knew that he was an agent of moneys collected from the sale of Plaintiff's products and services were the property of Plaintiff. However, Defendant further states at the time his customers began returning dishonored money orders purchased from Plaintiff during the period of October 28-30th 2014 he treated the agency relationship as having been terminated.

24. Answering Paragraph 23 of the Complaint, Defendant admits that during term of the agency relationship all funds lawfully collected from the sale of Plaintiff's products and services were to be remitted to Plaintiff.

25. Answering Paragraph 24 of the Complaint, Defendant admits that he retained the $23,803.00 paid by his customers, but denies that he maliciously, intentionally, or recklessly took the funds. Some of the funds were used to refund money to his customers who purchased Plaintiff's money orders and had said money orders denied. Defendant further states he reasonably relied on his agency agreement with Plaintiff and represented same to his customers. Plaintiff's failure to honor the agreement with Defendant caused Defendant's customers to lose faith with Defendant, leading to the failure of his business.

26. Answering Paragraph 25 of the Complaint, Defendant denies that his actions constituted willful and malicious injury but rather were a response to the damage resulting Plantiff's decision to unilaterally terminate the agency agreement with Plaintiff.

### THIRD CAUSE OF ACTION

27. By way of defense, Defendant re-states responses in paragraphs 1-26 of his answer.

28. Answering Paragraph 27 of the Complaint, Defendant admits that he obtained cash money from customers purchasing Plantiff's products and services.

29. Ansering Paragraph 28 of the Complaint, Defendant admits that all times, on each occasion that the Defendant's company made a sale of Plaintiff's money orders, the Defendant, individually through the Company and pursuant to his personal guaranty, electronically represented to Plaintiff that payment was received, the specifics of each transaction, that the cash funds would be kept and segregated from other funds and that the same would be deposited into the designated bank account for withdrawal by Plaintiff alone.

30. Answering Paragraph 29 of the Complaint, Defendant admits according to the term of the agency agreement, on or about the time of each transaction, the Defendant, individually or though his employees, represented to Plaintiff that he had collected funds and would remit those funds to the Plaintiff for the purpose of the Plaintiff's business.

31. Answering Paragraph 30 of the Complaint, Defendant admits that Plaintiff reasonably relied upon the representations of the Defendant and/or his employees, which reliance defendant expected.

32. Answering Paragraph 31 of the Complaint, Defendant admits that some of the funds collected were not going to be remitted to Plaintiff. However, Defendant will further add that during the period between October 28-30 2014, Defendant discovered that certain of the money orders that he sold were not being honored and that the agency agreement he had with Plaintiff had been breached. Due to this fact rather than sending the funds to Plaintiff, Defendant retained the funds, using some of them to refund his customers and compensate them for their losses.

33. Answering Paragraph 32 of the complaint, Defendant admits that during the aforementioned period, some funds collected would be used to the exclusion of Plaintiff.

34. Answering Paragraph 33, Defendant denies that he obtained Plaintiff's funds totaling $23,803.00 through false pretenses, false representations, or actual fraud.

35. Answering Paragraph 34, Defendant denies that Plaintiff is entitled to a judgment against Defendant.

    WHEREFORE, Defendant, William Patrick Heyland, respectfully request that this Honorable Court dismiss all counts of Plaintiff's Complaint.

Dated: 9/27/2019                                  **/s/ Joseph G. Pleva**
                                                  Attorney for Debtors
                                                  Joseph G. Pleva
                                                  3330 L and N Dr., Suite C
                                                  Huntsville, AL 35801
                                                  256-617-7115
                                                  plevalaw@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the forgoing Answer to Complaint for Nondischargabilty has been served upon the following parties on the 21st day of November 2019:

**David J. Finkler, Esq.**
**LAW OFFICES OF DAVID J. FINKLER**
266 Harristown Rd., Suite 203
Glen Rock, NJ 07452

**Cloud, Willis, and Ellis, LLC**
**61 St. Joseph St., Suite 1301**
**Mobile, AL 36602**

                                                  **/s/ Joseph G. Pleva**
                                                  Joseph G. Pleva